Ruppin, Judge.
 

 There is no testimony in this cause; and the equity of the plaintiff’s case is answered and fully denied hv the defendant. The receipt set forth in
 
 *74
 
 the bill is not under seal, and so only evidence.of a sa-tisfactioin, and was open to explanation by cither party on the trial at íaw ; and the defendant says it was explained on that occasion, to the satisfaction of thé
 
 jury;
 
 who found that the present demand was not included in the settlement, on which that receipt is founded. 1
 

 A receipt not under seal, is only evidence or satisfaction, and cd by paroHes" t'unony.
 

 The court is gratified in coming to the conclusion to ^-ie or* the merits^ rather than on a principle which has not been often acted on in this State, and of which the profession is perhaps not fully apprized..
 

 The hill is for an injunction and relief against a judgment at law for a debt of thirty dollars. - The sum is. too small to call the powers of this court into action. In England, the chancellor will not take jurisdiction of a money demand of less than ¿310 sterling. There are besides other limitations on litigation in that court. For example, no appeal or hill of review lies for error as to costs, though they may exceed that.sum — being a thing in discretion. The distinguished chancellor of New-York, who has given reputation and a system to the court of equity in that State, hath adopted a like rule.
 
 (Moore v. Lyttle,
 
 4
 
 Johns. C. R.
 
 183
 
 Fullerton
 
 v.
 
 Jackson
 
 5
 
 Id.
 
 276). This court may-well bo justified in following examples so salutary. It is not that a court of equity hath not regard to rights, and doth not hold them sacred, however inconsiderable the subject, which induces the court to refuse to enforce them. But the policy of the country, and the true interest of the parties,, forbid fruitless litigation. No court, which has a discretion on the subject, ought to entertain a controversy, in which the costs
 
 must
 
 exceed the sum demanded. And the institution of such a suit indicates such a wanton passion for judicial contest, regardless of consequences even to the complaining party, as it were criminal in a court to gratify. The present is an instance of the evil effects of such a temper. The suit at law began before a justice of the. peace, and went by appeals to the County Court and to the Superior Court; and finally, notiiing yielding, the defendant at law claims the assistance of this court. The proceeding involves such a
 
 *75
 
 waste of time and expenditure of moneys as to place in a strong light the propriety of a declaration by the court of some restriction on parties, and of some limitation on the jurisdiction. It is impossible that a bill lie for any sum, however small. There must be some point, at which wo must stop. And the court can fix upon none apparently more apt, them the reasonable average of the costs of a suit in this court; which is fifty dollars. That too is the amount 'in New-York. ' Perhaps, seeing that the legislature hath prohibited a jurisdiction in courts of law of contracts for less than sixty dollars, the court might more properly adopt that sum. But as other courts of equity have adopted the smaller sum, so will, we. For the recovery of a money demand, or for relief against a judgment, or legal security for a. debt, less .than
 
 fifty
 
 dollars, the court will not, in future, entertain a bill.
 

 Per Curiam. — Bum jjismihsbb.